United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Stephanie Clarke, Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 19-61653-Civ-Scola |
| Broward County Transit Risk ) | |
| Management Division and ) | |
| Jacqueline Ardiles, Defendants. ) | |

### Order Dismissing Complaint

This matter is before the Court upon Plaintiff Stephanie Clarke's application to proceed *in forma pauperis* (ECF No. 3) as well as the Court's sua sponte review of Clarke's complaint (ECF No. 1). Having reviewed the complaint, the motion, the record, and the relevant legal authorities, the Court **denies** Clarke's motion to proceed *in forma pauperis* (**ECF No. 3**) and **strikes** her complaint for lack of jurisdiction.

To begin with, federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). Here, Clarke maintains the Court has federal-question jurisdiction over her case. She does not, however, point to any federal statute, constitutional provision, or treaty—as required under 28 U.S.C. § 1331—that would afford her the relief she seeks. Instead, in support of jurisdiction, she merely states, "There are no bar member lawyers willing to take a municipality case and I want to pursue out of the same county, Broward. I cannot find any means of legal representation except to move it to a higher court." (Compl. at 3.) This is insufficient to establish the Court's jurisdiction.

Additionally, Clarke's application to proceed in this court without prepaying fees or costs is incomplete: she has neither signed nor dated it. (Pl.'s Appl. at 1.) She also indicates that her average monthly income during the past twelve months was $6000 while her average monthly expenses total only $953. On the other hand, Clarke further indicates having only $50 in her checking and saving accounts, combined, and zero assets. The Court is thus unable to discern, even if Clarke had signed and dated her application, whether she is truly indigent and entitled to proceed without prepaying her fees and costs.

Based on the above deficiencies, the Court **strikes** Clarke's complaint and **denies** her motion to proceed in forma pauperis (**ECF No. 3**). In order to correct the above-described deficiencies, the Court orders Clarke, on or before

**July 18, 2019**, to (1) file an amended complaint that sufficiently alleges not only the basis for the Court's jurisdiction, but also facts showing that her case actually arises under federal law; and (2) either (a) submit the full filing fee or (b) file an amended application to proceed *in forma pauperis* that is signed and dated and which explains why her average monthly income of $6000 over the last twelve months is insufficient to allow her to pay the Court's filing fee. If Clarke fails to comply with the Court's order, her complaint may be dismissed without further notice.

In the meantime, the Clerk is directed to **close** this case and deny any pending motions as moot. If Clarke timely complies with the Court's orders regarding her complaint and her application, the Court will reopen this case.

The Clerk is directed to **mail** a copy of this order to Clarke at the address she has provided on the docket.

**Done and ordered**, at Miami, Florida, on July 3, 2019.

Robert N. Scola, Jr.
United States District Judge